Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DONNELL L. PRINCE,

    *Plaintiff*,

v.

PRISCILLA PAJELA, and JOHN DOES (1–10) (fictitious persona responsible for damages)

    *Defendants*.

Civil Action No. 22-01939

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This case arises from *pro se* Plaintiff Donell L. Prince's claims that Defendants intentionally exposed him to toxic fumes, chemicals, and drugs to prevent him from pursuing separate, ongoing lawsuits that he has pending against them and other parties. Presently before the Court is Defendant Pajela's motion to dismiss the Amended Complaint, D.E. 21.[1] Defendant argues that the Court lacks subject matter jurisdiction and that the claims are barred by claim and

---

[1] Plaintiff filed his initial Complaint against Defendant on April 4, 2022 and paid the associated filing fee at that time. D.E. 1. Plaintiff then submitted a motion to appoint *pro bono* counsel and application to proceed *in forma pauperis*. D.E. 6, 7. Because Plaintiff has already paid the required filing fee, the Court will not retroactively grant the *in forma pauperis* application, and thus will not grant *pro bono* counsel. *Fulton v. United States*, 198 F. App'x 210, 214 (3d Cir. 2006) (finding no error in denying request for appointment of counsel where plaintiff "had not received [*in forma pauperis*] status").

issue preclusion.[2]  The Court reviewed the parties' submissions[3] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated herein, Defendant's motion to dismiss, D.E. 21, is **DENIED**.

## I.  FACTS AND PROCEDURAL HISTORY[4]

Plaintiff lives in "a state license rooming house, with 14 units, in room 5e, facility # 0215-0015 at 104 James Street in Englewood New Jersey 07631."  D.E. 20 ("Am. Compl.") ¶ 2(a).  Plaintiff alleges that Defendant Pajela was the "owner/operator" of that facility.  *Id.* at 2(b).  Plaintiff alleges that the John Doe Defendants "either (i) was [an] employee of defendant Priscilla Pajela . . . (ii) resided at 104 James Street . . . (iii) and/or came to 104 James Street . . . to take part in actions that cause injury to this plaintiff."  *Id.* ¶ 2(c).  Specifically, Plaintiff claims that the Defendants intentionally exposed him "to toxic fumes/chemicals/drugs, of/against this plaintiff a 62 year old black man living on Social Security Disability, to stop me from pursuing my civil & legal rights."  *Id.* ¶ 1.  Plaintiff further alleges as follows:

> As it relates to what has occurred over the last two years, as it relates to on going and steadily increasing, well organized attempts to basically gas, drug, poison me using pesticides, fumigants, chemical irritants, meth and other drugs, and over the last 5 weeks exhaust fumes and higher co2 levels into my room; In an attempt to try and force me out of the rooming house where I'm living, to try and dirty me up, to discredit me, scare/torture/terrorize, intimidate/manipulate/stop me from pursuing my civil legal rights

---

[2] The Court notes at the outset that Defendant, puzzlingly, did not argue that Plaintiff's factual allegations failed to state a claim on which relief could be granted.  The Court will not address such issues *sua sponte*.  Moreover, defense counsel's analysis of the issues she did raise is at times borderline frivolous (which is how the Court views the argument regarding subject matter jurisdiction), and at other times glaringly lacking in substance (which is how the Court views the res judicata and collateral estoppel arguments).

[3] Defendant's motion to dismiss is filed at D.E. 21 ("Br."), and Plaintiff filed opposition at D.E. 22 ("Opp.").

[4] The facts are drawn from Plaintiff's Amended Complaint.  D.E. 20.

> in this lawsuit as well as other cases/lawsuit I have/had to pursue on my [own], against first, my landlord, . . . second on-going federal civil rights violation case under 42 U.S.C. § 1983 against some Hackensack Police officer and others[.]

*Id.* (emphasis in original).  Plaintiff alleges that "the intentional exposure to these different substances on a daily basis over the past few years . . . has endangered this petitioner's, health & safety/life." *Id.* ¶ 5.  Plaintiff also claims that he "had to go to the hospital a few times for some strange medical problems that come up, in my lungs, liver, kidney, blood/muscle problems, small tumor in leg, besides the irritation of my eyes, skin, lungs on a regular basis from exposure to" the substances.  *Id*.  Plaintiff and Defendant Pajela were/are involved in other suits in both New Jersey state court and this Court, some of which appears to raise similar issues.  *See* Br. at 1-2.

Plaintiff filed the present action on April 4, 2022, D.E. 1, and the Amended Complaint was filed on November 25, 2022, D.E. 20.  Plaintiff alleges a violation of his First Amendment rights, violations of the federal Fair Housing Act, and § 1983 claims.  *Id.*  Plaintiff also alleges state law claims, including (1) conspiracy, (2) negligent/inadequate security, (3) violations of the New Jersey Reprisal Law, N.J.S.A. 2A:42-10.10-14, (4) violations of the "Rules/Regulations Governing Rooming & Boarding Houses under N.J.S.A. 55:13B-1 & N.J.A.C. Chapter 5:27," and (5) violation of the implied warranty of habitability and implied covenant of quiet enjoyment.[5]  *Id.*  The present motion followed.[6]  D.E. 21.

---

[5] The Amended Complaint also alleges that Defendants "committed criminal acts listed under 18 U.S.C. § 241." Am. Compl. ¶ 1.  The Court does not view this statement by Plaintiff as an attempt to state a cause of action under that criminal statute.

[6] In his opposition, Plaintiff argues that the present motion to dismiss is improper because the Court administratively terminated Defendant's prior motions to dismiss.  Opp. at 7-8; *see* D.E. 15, 19.  The Court disagrees.  Those administrative terminations were without prejudice to Defendant pending the Court's decision on motions to amend the complaint.

## II.   STANDARD OF REVIEW

Defendant first argues that the Court lacks subject matter jurisdiction.  In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[7]  A facial attack "contests the sufficiency of the pleadings . . . whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."  *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citations and internal quotation marks omitted).  When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack.  *Id.*  "When considering a facial attack, 'the Court must consider the allegations of the complaint as true,'" much like a Rule 12(b)(6) motion to dismiss.  *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).  If subject matter jurisdiction is lacking, the Court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  A federal court has jurisdiction in a civil case if it arises under federal law.  28 U.S.C. § 1331.

Defendant also argues that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.  "Although res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6)."  *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x 153, 155 (3d Cir. 2007).

Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520

---

[7] The Court has an independent obligation to establish that it has subject-matter jurisdiction.  *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007).

(1972). The Court, however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

Defendant argues that "this case should be dismissed for lack of original jurisdiction on the same reasoning and rational [*sic*] of the [C]ourt in its decision of 2/22/22." Br. at 15. Defendant is referencing the undersigned's opinion and order in a distinct matter between the same parties. *Pajela v. Prince*, No. 22-552 (D.N.J. 2022) at D.E. 4; *see also* D.E. 21-2. In that case, Pajela sued Prince in New Jersey state court attempting to recover approximately two years of unpaid rent and asserting claims for breach of contract and unjust enrichment. D.E. 21-2 at 2-3. Prince removed the case to this Court and claimed that federal question jurisdiction existed because an affirmative defense may have existed under the FDCPA, and because Prince claimed that he was "going to assert counterclaims for, among other things, violations of the Fair Housing Act, a claim under 15 U.S.C. § 1601, and claims related to civil rights violations." *Id.* at 3. The Court noted that it is "guided by the claims that Plaintiff [Pajela] asserts in the Complaint," rather than affirmative defenses or counterclaims that may raise issues of federal law. *Id.* Because the plaintiff's (Pajela's) claims did not arise under federal law, subject matter jurisdiction was lacking. *Id.* at 4. The Court remanded the matter to the Superior Court of New Jersey, Bergen County. *Id.*

That decision does not control the Court's analysis here. The parties here are reversed from the prior action; Prince is now Plaintiff rather than Defendant. Thus, it is the claims raised by Prince in his Amended Complaint that control the Court's analysis. *Bracken v. Matgouranis*, 296 F.3d 160, 163 (3d Cir. 2002) ("[T]he presence of federal question jurisdiction turns on the 'well-

pleaded complaint rule,' which dictates that federal jurisdiction lies only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citation omitted)).

Prince alleges a violation of his First Amendment rights, a violation of the federal Fair Housing Act, and claims under § 1983. Am. Compl. A claim arises under federal law if federal law creates the cause of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Plaintiff's First Amendment, federal Fair Housing Act, and § 1983 claims are all creations of federal law, and thus the Court has subject matter jurisdiction. Plaintiff's motion to dismiss for lack of subject matter jurisdiction is denied.[8]

### B. Claim Preclusion

"Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted). The Court applies the law of preclusion from the case in which the earlier decision was reached. *See, e.g.*, *Gimenez v. City of Newark*, No. 06-0526, 2006 WL 3019685, at *1-2 (D.N.J. Oct. 24, 2006). Defendant did not address the applicable law, though it appears the prior cases took place in New Jersey state court and in this Court, and Defendant cites to New Jersey law. Br. at 16-17. "Federal law requires the same three basic elements as New Jersey law" to establish res judicata/claim preclusion.

---

[8] The Court notes that in rare cases, it may abstain from exercising jurisdiction where parallel state proceedings are pending. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). But such circumstances are only an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813 (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). Defendant has not argued that the Court should abstain from exercising jurisdiction, and the Court, aware of its "virtually unflagging obligation" to exercise jurisdiction where it is present, *id.* at 817, declines to reach any discretionary abstention issues *sua sponte*.

*Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991). Thus, Defendant, as the party seeking to apply the bar, must establish the following elements:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Id.* (citing *Federated Dep't Store v. Moitie*, 452 U.S. 394, 398 (1981)). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* (citing *Angel v. Bullington*, 330 U.S. 183, 192-93 (1947)). "For the purposes of res judicata, causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence." *Id.* (citation omitted).

While the Court has an affirmative duty to satisfy itself that jurisdiction is present, *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007), Defendant "bears the burden of proving that res judicata applies." *Courteau v. United States*, No. 02-0659, 2007 WL 1456198, at *3 (D.N.J. May 4, 2007); *see also Bondi v. Citigroup, Inc.*, 32 A.3d 1158, 1188-89 (N.J. App. Div. 2011) (noting that the moving party bears the burden of showing that res judicata applies).

Defendant points to various other matters,[9] *see* Br. at 1-2, and argues that "in all the causes of action . . . Prince claims the same things: he is being poisoned by fumes, he is being harassed by his landlord who is in conspiracy against him and the like," *id.* at 17. Defendant then states that

---

[9] The Court may consider filings in these other cases, which are matters of public record, in deciding the motion to dismiss. *See Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 631-32 (3d Cir. 2018). However, Defendant claims that these matters were all "filed in Federal Court" by Prince. Br. at 1. Clearly, that is inaccurate. Several of these cases were filed by Pajela, and several were filed in New Jersey state court.

"[b]ecause these causes of action have already been decided against Prince, his complaint in this action on the same set of facts should be dismissed based on res judicata." *Id.* at 18.

The first case is "2:09-cv-05429-JMV-JSA *Prince v. Aiellos*." As noted, "[t]he party seeking to take advantage of claim preclusion has the burden of establishing it." *Gen. Elec. Co.*, 270 F.3d at 158. Defendant provided no details as to how any decision in that case renders the present matter subject to res judicata. Moreover, it appears that Pajela was not a party to that action and has not argued here that she is in privity with a party in that action. Thus, the motion is denied as to that case.

The second case is "2:13-cv-06418-JLL-JPA *Prince vs Orr*," which Defendant describes as a "malpractice lawsuit that was dismissed by Order dated 10/3/2014 which found that the court lacked subject matter jurisdiction[.]" Br. at 1. Defendant's sentence addressing this case is incomplete, and Defendant does not articulate any basis for its claim that this malpractice suit which was dismissed for lack of subject matter jurisdiction—a decision which by definition is not "on the merits"—renders the substantive issues in this case subject to res judicata. And again, it appears that Pajela was not a party to that action and has not argued here that she was in privity with a party in that action.

The third case was before the Court and mentioned above: *Pajela v. Prince*, No. 22-522. That case was remanded to state court and, according to Defendant, is "currently pending as BER-L-25/22." Br. at 1-2; *see also* Br. at 6 (noting that Prince's defenses, which overlap with his claims here, "are now pending in the NJ Superior Court case, Pajela vs. Prince, BER L 25-22"). Certainly, the Court's decision remanding that matter does not subject the current action to res judicata, and Defendant has provided no basis on which the Court could find that the currently pending case in state court decided any issues such that res judicata applies here. Indeed, Defendant explicitly

8

notes that Prince's defenses are "now pending" and thus there is no valid, final decision on the merits as necessary for res judicata to apply. Defendant also attaches the complaint, D.E. 21-4, and answer, D.E. 21-5, from this case to her motion, but those documents clearly do not show a valid, final judgment on the merits. The motion is denied as to that case as well.

Defendant points to various Landlord/Tenant Special Civil Part cases (LT-6572/18,[10] LT-1572/19, LT-6302/19, LT-1308/20[11]), Br. at 2, without providing any detail for the Court to find that res judicata applies. Thus, the motion is denied as to these cases as well.

The final case is "*Prince vs. City of Englewood and Pajela* . . . in Superior Court Bergen County cases BER-L-1679-17, heard on appeal as A-2959/18." Br. at 2. Defendant attaches a copy of an Appellate Division decision from that matter, which indicates that—similar to the present matter—Prince claimed that "Pajela retaliated against plaintiff by drilling holes into the walls and windows of his room to 'blow[] drugs . . . [and] other chemical toxins into plaintiff[']s room[.]'" D.E. 21-3 at 6. The trial court granted summary judgment against Prince on such claims, and the Appellate Division affirmed. *Id.* at 7-8. But the complaint in that case was filed in 2017, D.E. 21-8, and alleged conduct that occurred as early as 2013, which is what was considered by the Superior Court and Appellate Division. The case presently before this Court alleges conduct that occurred much later, in 2020-2022. *See generally*, Am. Compl. Thus, Pajela has failed to

---

[10] Defendant attaches a brief written by Prince in an appeal from LT-6572/18 (A-2960-18), in which Prince notes his "daily exposure to drug fumes, other chemical irritants, toxins, etc.," which he claims is caused by Pajela. D.E. 21-6 at 5. A brief clearly does not establish a valid, final judgment on the merits, as necessary for res judicata to apply. Defendant also attached a decision from the Superior Court, Appellate Division, which merely found that the trial court did not err in refusing to grant Prince a *Marini* hearing to determine the habitability of the premises where he had a separate action pending involving related habitability claims. *See* D.E. 21-7.

[11] Prince provided a transcript from this case, where Pajela was the plaintiff, in which Hon. Joseph. G. Monaghan, J.S.C., dismissed the matter. D.E. 20-1 at 135-36. Pajela's inclusion of this action in a list of related litigation which she claims supports her position gives the Court concern.

establish that this prior case resulted in any valid, final judgments on the merits which control the allegations here. While the Court has concerns about the veracity of Plaintiff's claims given his similar allegations in the past, Defendant has not met her burden of demonstrating that res judicata applies. The Court denies the motion insofar as it seeks to apply res judicata. *Cf. Brenay v. Schartow*, 709 F. App'x 331, 336-37 (6th Cir. 2017) ("It is not enough for a party to mention a possible argument in the most skeletal way and leave the court to put flesh on its bones. . . . Our system is an adversarial one, and it is up to the parties to spar with each other on each and every issue. . . . And while it may be tempting to flesh out the parties' arguments for them, it is improper for the courts to do so." (citations and internal quotation marks omitted)).

### C. Collateral Estoppel

Defendant's final ground for dismissal is collateral estoppel. "Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). For collateral estoppel to apply, "the party asserting the bar must show" the following:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Selective Ins. Co. v. McAllister*, 742 A.2d 1007, 1010 (N.J. App. Div. 2000) (citing *In re Est. of Dawson*, 641 A.2d 1026, 1034-35 (1994)); *see also In re Docteroff*, 133 F.3d at 214 (noting identical elements under federal law).

Defendant's only argument is that "if this [C]ourt finds the same issues on different cause of action in reviewing the procedural history of this case, the court should dismiss this pending

10

complaint of Prince." Br. at 19.  The Court reiterates that, as the party seeking the bar of collateral estoppel, Defendant has the burden of *demonstrating* that collateral estoppel applies.  *Cummings*, 2022 WL 597058, at *14; *see also Atl. City Assocs. LLC v. Carter & Burgess Consultants, Inc.*, No. 05-5623, 2007 WL 2705149, at *3 (D.N.J. Sept. 14, 2007) (noting that the party seeking to enforce collateral estoppel "did not identify the precise issue previously litigated" and declining to apply the doctrine "based only on [a] general statement").  Because Defendant has not provided the Court with any analysis sufficient to demonstrate that collateral estoppel applies to Prince's claims here, and indeed notes that such issues are still pending in BER-L-25-22, the motion is denied.[12]  *See also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

IV.  **CONCLUSION**

Accordingly, and for good cause shown,

IT IS on this 16th day of May 2023,

**ORDERED** that Defendant's motion to dismiss is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.

---

[12] The Court also notes that many of the same infirmities that the Court addressed in its analysis of Defendant's res judicata arguments would also prevent application of collateral estoppel.