**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONELL L. PRINCE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PRISCILLA PAJELA and JOHN DOE 1–10,<br><br>　　　　　Defendants. | Civil Action No. 22-1939 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>November 20, 2024 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court on *pro se* Plaintiff Donell L. Prince's appeal (D.E. 95) of Magistrate Judge José R. Almonte's letter orders dated September 17, 2024 (D.E. 94) and March 27, 2024 (D.E. 64) ("Letter Orders"), and this Court having reviewed the parties' submissions;[1] and

**WHEREAS** for a summary of the facts underlying this dispute, the parties may refer to the Letter Orders, this Court's opinion dated April 24, 2024 (D.E. 74), and the opinion and order by former District Judge John Michael Vazquez dated May 16, 2023 (D.E. 23); and

**WHEREAS** Plaintiff moved for leave to amend the operative complaint on November 17, 2023. (D.E. 41.) He sought to change the numbering of paragraphs, add detail to the allegations, and identify some of the fictitious defendants. (*Id.* at 8–11.) The motion was granted in part; Plaintiff was permitted to amend the numbering and factual allegations, but not to add defendants

---

[1] Well after the due date for opposition papers in this matter, Defendant Priscilla Pajela filed two documents opposing Plaintiff's appeal. L. Civ. R. 72.1(c)(1)(A). The first is, inexplicably, a certification by an attorney who has withdrawn her appearance in this case for all matters except for Defendant's counterclaim, which is not at issue here. (D.E. 96.) The second is an opposition brief filed by the appropriate attorney of record. (D.E. 97.)

1

because of the futility of the proposed claims against them.[2]  (D.E. 64.)  Plaintiff filed a motion for reconsideration of that decision (D.E. 67; D.E. 70), which was denied (D.E. 94).  Plaintiff appeals the decisions on both his motion for leave to amend the complaint and his motion for reconsideration (D.E. 95); and

**WHEREAS** on appeal of a magistrate judge's decision on a motion to amend pleadings, the movant must "show[] that the magistrate judge's order is 'clearly erroneous or contrary to law.'"  *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 67 (D.N.J. 2000) (quoting 28 U.S.C. § 636(b)(1)(A)); *U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315–16 (D.N.J. 2009); L. Civ. R. 72.1(c)(1)(A).  "A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, 'is left with the definite and firm conviction that a mistake has been committed,'" *Richardson v. Allied Interstate, Inc.*, No. 09–2265, 2010 WL 3404978, at *3 (D.N.J. Aug. 26. 2010) (quoting *Dome Petrol. Ltd. v. Emps. Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990)); and

**WHEREAS** Plaintiff again filed a brief that is difficult to interpret, but the Court understands two main arguments.  First, Plaintiff argues that his Fair Housing Act (FHA) claims against the proposed defendants are not futile because the FHA applies to the proposed defendants.  (D.E. 95 at 9.)  As explained in the September 17, 2024 Letter Order, this issue is ultimately immaterial. (D.E. 94 at 4.)  Plaintiff's motions to amend and for reconsideration would have been denied regardless of whether the FHA applies to the proposed defendants.  (*Id.*)  FHA claims require allegations of "discriminat[ion] or refus[al] to accommodate in the provision of housing based on a protected class or disability." (*Id.* (citing D.E. 64 at 7; *Revock v. Cowpet Bay W. Condo.*

---

[2] Plaintiff has not yet filed a second amended complaint, so the first amended complaint (D.E. 20) remains the operative complaint.

*Ass'n*, 853 F.3d 96, 111 (3d Cir. 2017)).) Plaintiff's motion to amend the complaint provides that the FHA violations are "based on a protected activity" but neither identifies the protected activity nor connects the proposed defendants to discrimination against it. (D.E. 41 at 2.) Denying leave to amend the complaint as to these claims was therefore not erroneous or contrary to law; and

**WHEREAS** second, Plaintiff argues that his claims against proposed defendant Jose Sepulveda are not futile. (D.E. 95 at 12–13.) Plaintiff was denied leave to add Mr. Sepulveda as a defendant because he did not state when Mr. Sepulveda's alleged negligence occurred, making it impossible for the court to determine if the statute of limitations would be met. (D.E. 94 at 5–6.) Plaintiff suggests that he provided those dates in his "daily notes in [his] complete verified complaints with verified exhibits." (D.E. 95 at 13.) Exhibit E to the operative complaint[3] appears to be those daily notes; it is ninety-eight pages of mostly illegible handwritten notes, many of which are upside down. (D.E. 20-1 at 3–100.) Otherwise, Plaintiff makes only general allegations as to the timing of any defendant's actions. (*See* D.E. 41 at 5 ("over the past two years before and during covid-19 pandemic"); D.E. 95 at 13 ("on a daily basis over the past few years").) The conclusion that the court would be unable to determine whether Mr. Sepulveda's alleged wrongdoing occurred within the statute of limitations—and therefore that Plaintiff had not shown that the proposed amendment was warranted—is not clear error or contrary to law; and

**WHEREAS** Plaintiff's remaining arguments are conclusory and irrelevant. They indicate Plaintiff's disagreement with the outcome of his motions (*see id.* at 15 (offering no argument other than Plaintiff's "belie[f]" that his claims "should be allowed")) or rehash arguments concerning his motion for spoliation (*id.* at 15–17), which was denied on October 17, 2023 (D.E. 36). This Court affirmed that denial on April 24, 2024. (D.E. 74.) Plaintiff also makes much of his *pro se*

---

[3] There are no exhibits with the proposed second amended complaint despite Plaintiff's statement in the cover letter that "a copy of proposed Second Amended Verified Complaint with Exhibits" is attached. (D.E. 41.)

3

status and alleges that denying his motions is "unfair" and "prejudices this pro se plaintiff."[4] (D.E. 95 at 18–19.) These statements, which indicate only disagreements with an outcome or a desire to re-evaluate old issues, are insufficient to establish clear error or illegality in the decisions below; therefore

Plaintiff's appeal is **DENIED** and the Letter Orders are **AFFIRMED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
      José R. Almonte, U.S.M.J.

---

[4] In connection with these arguments, seemingly to compensate for the quality of his filings, Plaintiff alleges that he is "still being gas [sic], drugged and poisoned" and "would like to see how well/perfect Judge Almonte would do under similar circumstances." (D.E. 95 at 18–19.) Plaintiff's *pro se* filings have been appropriately "liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and he is reminded that *pro se* litigants must show respect for the court, *Hill v. Carpenter*, 323 F. App'x 167, 171 (3d Cir. 2009).