NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 22, 2025

Donell L. Prince
P.O. Box 1024
Hackensack, NJ 07602-1024
*Pro se Plaintiff*

Thomas W. Griffin
Trifiolis & Griffin, P.C
79 Sunset Strip
Suite 2A
Succasunna, NJ 07876
*Counsel for Defendant*

Victoria M. Brown
Victoria M. Brown, LLC
342 Grand Avenue
Englewood, NJ 07631
*Counsel for Defendant*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

   **Re:**   *Donell Prince v. Priscilla Pajela, et al.*
            Civil Action No. 22-1939 (SDW) (JRA)

Litigants:

    Before this Court are Defendant Priscilla Pajela's motions for summary judgment concerning pro se Plaintiff Donell Prince's claims (D.E. 109) and Defendant's own counterclaims (D.E. 110). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's motion for summary judgment as to Plaintiff's claims is **GRANTED**, and Defendant's motion for summary judgment as to her counterclaims is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

    The parties are presumed to be familiar with this matter and may refer to the various prior opinions and orders for a summary of the factual background. (D.E. 23; D.E. 64; D.E. 74; D.E.

94; D.E. 102.)  Plaintiff sued Defendant, who is his former landlord, and several fictitious defendants, alleging that toxic fumes were intentionally injected into his room.  (D.E. 20 at 6–7, 8.[1])  Defendant seeks dismissal of the amended complaint, summary judgment in her favor on Plaintiff's claims and her own counterclaims, and back rent, charges, and attorneys' fees.  (D.E. 109-1; D.E. 110-1.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A fact is only "material" for purposes of summary judgment if a dispute over that fact "might affect the outcome of the suit under the governing law."  *Id.* at 248.  A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If the moving party meets this initial burden, the burden then shifts to the nonmovant who "must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice."  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which … [it has] the burden of proof[,]" then the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 322–23.  In considering a motion for summary judgment, this Court may not make credibility determinations or weigh the evidence; instead, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor."  *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255).

## DISCUSSION

a. **Plaintiff's Claims**

Plaintiff alleges violations of various federal and state laws, including the Fair Housing Act and New Jersey's Rooming and Boarding House Act.  (D.E. 20 at 4–5.)  While Plaintiff's filings are difficult to follow, all of his claims appear to be based on the allegation that someone "intentional[ly] expos[ed]" him to "toxic fumes/chemicals/drugs … to stop [him] from pursuing [his] civil [and] legal rights."  (*Id.* at 5.)  Even after discovery, Plaintiff has failed to put forth any

---

[1] Because the filing containing the amended complaint (D.E. 20) also contains several other documents, page numbers of the amended complaint refer to the page number in the Electronic Case Filing header.

2

evidence connecting Defendant to that allegation. For example, when asked in a deposition who put the fumes in his room, Plaintiff responded "I have no idea who was doing it. But … it was coming from the basement. Now the basement is a common area. She has an obligation and duty to secure the common areas of the house." (D.E. 109-10 at 55:2–6; D.E. 109-1 at 3.) Because of this lack of evidence, Plaintiff's allegations that Defendant was intentionally exposing him to fumes cannot withstand summary judgment. *See Celotex*, 477 U.S. at 322–23.

To the extent Plaintiff alleges that Defendant is liable for failing to maintain the premises or stop an unknown party from putting fumes in Plaintiff's room, his claims also fail. He does not coherently point to any record evidence establishing that the fumes were in fact being pumped into his room. He submitted various photographs of his housing and what appear to be the results from an air quality monitor. (*See, e.g.* D.E. 114-1 at 3–61.) The results from the air quality monitor are frequently illegible, and regardless, Plaintiff does not explain what they mean or connect them to his claims. He also attaches several pages of illegible handwritten notes. (D.E. 114-2 at 3–50.) To support his claim of uninhabitability, Plaintiff cites his answer to Defendant's counterclaims, the amended complaint, several more pages of illegible notes and air quality results, and deposition testimony in a separate case unrelated to habitability. (D.E. 113-2 at ¶ 4 (citing D.E. 20 at 4–163; D.E. 20-1 at 1–137; D.E. 27 at 3–6).) None of this evidence supports Plaintiff's claims that Defendant violated the law by failing to act on his complaints, and it is insufficient to create a genuine issue of material fact. *Anderson*, 477 U.S. at 248; *see Hackman v. InductEV*, No. 24-3223, 2025 WL 1806850, at *2 n.3 (3d Cir. July 1, 2025) ("declin[ing] to comb through the record and make [plaintiff's] argument for her" when her cited evidence was insufficient to support her claim). Defendant is entitled to summary judgment on the claims in the amended complaint.

Finally, discovery is complete and Plaintiff has not identified the fictitious defendants. *See Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009) ("If reasonable discovery does not unveil the proper identities, ... the John Doe defendants must be dismissed."). Therefore, all claims against the fictitious defendants must be dismissed.

### b. Defendant's Counterclaims

Defendant's three counterclaims are breach of contract, breach of the covenant of good faith and fair dealing, and frivolous lawsuit. (D.E. 25 at 13–19.) Her brief presumes that she is entitled to summary judgment on each counterclaim primarily because of a separate proceeding in the Superior Court of New Jersey (Bergen County). (D.E. 110-1 at 2–8.) Defendant states that the Superior Court issued a judgment in June 2023 for Plaintiff's eviction after determining that Plaintiff owed back rent and charges due in the amount of $32,856.31. (*Id.* at 2.) Relying on that judgment for liability, Defendant's argument for summary judgment on her counterclaims in this matter focuses primarily on remedies.

The first section of argument in Defendant's moving brief essentially states that because Plaintiff does not allege having paid rent during the period in question, and the Superior Court has determined that Plaintiff owed back rent and charges, this Court should award Defendant the amount awarded by the Superior Court as well as additional rent, additional charges, and attorney's fees, for a total of $58,033.54. (*Id.* at 5–6.) Defendant fails to acknowledge, however, that Plaintiff has not been found liable for breach of contract in this Court. This Court will not award damages

without first making a determination on liability, an aspect of Defendant's counterclaims she only briefly addresses. In support of breach of contract, she cites the Superior Court judgment and her own affidavit setting forth additional rent. (*Id.* at 5.) That is insufficient to establish liability, let alone damages. This Court will not, as Defendant suggests, summarily "accept[] … the Superior Court's determination" of liability and its damages calculation for breach of contract. (*Id.*) Even if Defendant were liable for breach of contract, the Superior Court's judgment in a separate matter would not be relevant evidence for calculating damages. A summary judgment motion in a separate court is not a method for enforcing a state court judgment. Defendant is also not entitled to summary judgment on the additional rent and charges, as she cites only a "self-serving affidavit" on that point. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002). Because Defendant has failed to properly put forth evidence supporting her breach of contract counterclaim, she is not entitled to summary judgment thereon, and this Court will not award the damages requested.

Defendant's counterclaim for breach of the covenant of good faith and fair dealing suffers from the same issue. Defendant focuses on her perceived entitlement to attorney's fees rather than Plaintiff's liability. To establish liability for a breach of the covenant of good faith and fair dealing, Defendant must "show[] … 'bad motive or intention.'" *Alin v. Am. Honda Motor Co.*, Civ. No. 08-4825, 2010 WL 1372308, at *11 (D.N.J. Mar. 31, 2010) (quoting *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)). The only record evidence Defendant cites to support Plaintiff's bad motive or intention in bringing this lawsuit is his deposition testimony that he did not know who was causing the fumes to enter his room. (D.E. 110-1 at 7.) While that evidence certainly shows that Plaintiff had a weak case, it is insufficient to establish that he acted with a bad motive or intention.

Finally, Defendant fails to cite sufficient record evidence to support that this lawsuit was frivolous under New Jersey's Frivolous Litigation Act, N.J.S.A. § 2A:15-59.1. To establish that this lawsuit was frivolous, Defendant must show that the complaint was "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury" or that Plaintiff "knew, or should have known, that the complaint … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* § 2A:15-59.1.b(1)–(2). Defendant's support for the frivolous lawsuit counterclaim is only Plaintiff's admission that he did not know who was putting the fumes in his apartment. (D.E. 110-1 at 8.) As established above, that is insufficient to establish bad faith at this stage. It is also insufficient to establish that Plaintiff understood that his case lacked a basis in law or equity. While it seems that Plaintiff is a frequent litigant, that his case is fraught with a lack of evidence, and that he has a contentious history with Defendant, given his pro se status, this Court will not find that his lawsuit is frivolous and declines to impose sanctions.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment as to Plaintiff's claims in the amended complaint is **GRANTED**, and Defendant's motion for summary judgment as to her counterclaims is **DENIED**. The amended complaint is **DISMISSED**. An appropriate order follows.

                                                              /s/ *Susan D. Wigenton*
                                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
         José R. Almonte, U.S.M.J.

5